ELIZABETH G. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JERRY G. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
MARTINEZ v. COMMISSIONER
Docket Nos. 22479-88; 22480-88
United States Tax Court
T.C. Memo 1989-649; 1989 Tax Ct. Memo LEXIS 650; 58 T.C.M. (CCH) 874; December 11, 1989
Elizabeth G. Martinez, pro se. Jerry G. Martinez, pro se. Terri A. Merriam, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Petitioner Elizabeth G. Martinez:
Additions to Tax, Sections
Year
Deficiency
6651(a)(1) [1]
6653(a)
6653(a)(1)
6654
6661(a)
1978
$  9,795
$ 2,449
$   490
--
$   313
--
1979
8,415
2,104
421
--
351
--
1980
22,917
5,729
1,146
--
1,460
--
1981
11,276
2,819
--
$ 564
863
--
1982
10,531
2,633
--
527
1,025
$ 2,633
*651 Petitioner Jerry G. Martinez:
Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)
6653(a)(1)
6654
6661(a)
1978
$ 11,229
$ 2,807
$   561
--
$   358
--
1979
10,270
2,568
514
--
428
--
1980
25,015
6,254
1,251
--
1,593
--
1981
14,038
3,510
--
$ 702
1,076
--
1982
13,560
3,390
--
678
1,321
$ 3,390
In each case respondent also determined an addition to tax under section 6653(a)(2) for taxable years 1981 and 1982 equal to 50 percent of the interest due on the deficiency. These cases are before us on respondent's Motion for Damages Under Section 6673. The record in these consolidated cases is replete with examples of petitioners' refusal to cooperate with respondent and their failure to comply with the rules and orders of this Court. At every turn of these proceedings petitioners have argued respondent bears the burden of proof because respondent purportedly determined petitioners' deficiencies in tax were due to fraud. Every time petitioners advanced that position this Court has determined, and advised petitioners, respondent never determined *652 fraud against them. Without giving petitioners' assertions the dignity of lengthy discussion, some examples of when and how petitioners' frivolous arguments were raised and dismissed follow. Because petitioners refused to cooperate informally with respondent at the administrative level, respondent was forced to proceed with formal discovery. In docket No. 22479-88 respondent served on petitioner a request for production of documents and a request for admissions. In docket No. 22480-88 respondent served on petitioner a request for production of documents, a request for admissions, and interrogatories. Both petitioners failed to provide any of the documents requested, and denied requests for admission which could have been admitted. Petitioner Jerry G. Martinez's objections to the interrogatories served on him were unresponsive. In response to the vast majority of respondent's formal discovery attempts, petitioners objected, arguing they had no obligation to provide any of the information sought because respondent determined their deficiencies were attributable to fraud, and respondent, therefore, bore the burden of proof. Because of petitioners' lack of cooperation respondent *653 sought enforcement by this Court of his formal discovery requests. Respondent filed motions to compel the production of documents and to review the sufficiency of petitioners' responses to respondent's requests for admissions and interrogatories. Respondent's motions were granted, and petitioners were ordered to produce to respondent the documents requested and to file amended responses to respondent's requests for admissions and interrogatories. Petitioners were instructed by the Court, with respect to each motion, respondent had not determined fraud against petitioners and the burden of proof was upon them. Petitioners were further instructed they must comply with the orders and rules of this Court or sanctions would be imposed. Petitioners ignored those warnings and did not provide the documents ordered to be produced. Petitioners also ignored this Court's orders and did not provide amended responses to respondent's requests for admissions and interrogatories. Despite this Court's repeated determination that respondent had not determined fraud against petitioners and they bore the burden of proof, petitioner Jerry G. Martinez filed a motion to place the burden of proof upon *654 respondent, making the same frivolous argument concerning a purported determination by respondent that petitioners' deficiencies were attributable to fraud. That motion was denied. These cases were called from this Court's Trial Calendar in Seattle, Washington, on September 25, 1989. At that time respondent requested a pretrial conference be held in chambers among the parties and the Court. Respondent's request was granted, and the Court met with counsel for respondent and with petitioners. During the conference, the parties' failure to reach a stipulation of facts was discussed. Petitioners refused to stipulate to facts because they again asserted respondent bore the burden of proof. With patience, the Court went through each paragraph of respondent's proposed stipulation of facts with petitioners. As each item was discussed, petitioners could give no reason for not stipulating to the facts proposed by respondent. Repeatedly, petitioners argued respondent bore the burden of proof. Repeatedly, the Court instructed petitioners the burden of proof was upon them. Because no good cause could be given by petitioners for their refusal to stipulate, this Court ordered petitioners *655 to abandon their frivolous argument concerning the burden of proof and to stipulate those facts which could reasonably be stipulated. The Court ordered petitioners to do so on or before 1:00 o'clock PM September 26, 1989, when these cases were to be recalled from the calendar. Despite this Court's patient review in chambers of the stipulations proposed by respondent, petitioners continued to refuse to stipulate as ordered. Petitioners instead stipulated to only three items in the proposed stipulation of facts. Petitioners refused to even stipulate they were married during the years in dispute despite their having represented to the Court they had been. When these cases were recalled, petitioners did not appear. Respondent moved to dismiss these cases for petitioners' failure to properly prosecute. Respondent also moved for damages under section 6673. This Court took respondent's motions under advisement and gave the parties time for the filing of briefs on the issue of damages under section 6673. Petitioners filed briefs in opposition to respondent's motion for damages. Petitioners' briefs advance the same tired and frivolous argument on the burden of proof issue. Section *656 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * In the case at bar, petitioners' continued assertion of arguments determined to be unfounded and frivolous was done primarily for delay. Further, petitioners' refusals to comply with this Court's rules concerning informal discovery and this Court's rules and orders concerning formal discovery were also primarily for purposes of delay. Such actions by petitioners demand the imposition of damages provided by section 6673. The amount of damages to be awarded the United States and against petitioners shall be the maximum amount under section 6673 for each docket number. Petitioners' actions throughout these cases, from the filing of their petitions to their arguing on brief the frivolous burden of proof issue previously decided, constitute a flagrant *657 and extraordinary abuse of process. Accordingly, we award damages to the United States and against petitioners in the amount of $ 5,000 in each docket pursuant to section 6673. Further, petitioners' flagrant flouting of this Court's rules and orders also compels the dismissal of these cases for petitioners' failure to properly prosecute. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩